## 19571

Tommy Gene HAIR, Estate of Shirley Hair, by Tommy Gene Hair, Administrator, and Estate of Tommy Gene Hair, Jr., by Tommy Gene Hair, Administrator, Appellants, v. Mrs. H. T. EDENS, Respondent.

(194 S. E. (2d) 578)

*Messrs. Weinberg, Weinberg, Bryan & Warner,* and *Edward V. Atkinson,* of Sumter, *for Appellants,*

142

*Messrs. Lee & Moise,* of Sumter, *for Respondent,* 

February 15, 1973.

BRAILSFORD, Justice:

Plaintiff's wife and son were killed and he was injured when an old frame residence, in which they occupied one of two upstairs apartments as defendant's tenants, was destroyed by fire. The family was trapped by flames which engulfed the central stairway, which was their only means of egress except by jumping from the second floor. Two wrongful death actions and an action for personal injuries were commenced. This consolidated appeal is from summary judgment in favor of defendant. The issues in each case are identical. For convenience, we refer to Tommy Gene Hair, the personal injury claimant, as plaintiff, and to the pleadings and proceedings as though a single action were involved.

The complaint contained seven specifications of negligence and recklessness. The first three charged violations of various sections of Chapter 11, of Title 47, Code of 1962, entitled "Building Code And Prevention of Fires Generally." The remaining four specifications charged common law delicts.

The defendant demurred to the complaint for failure to state a cause of action, in that:

"(a) The Statutes referred to in said Complaint are applicable only to the construction of certain buildings and have no applicability in this case.

"(b) The Statutes referred to in said Complaint do not apply to this cause of action for the reason that the City of Sumter has adopted the Southern Building Code by ordinance.

"(c) The Complaint does not allege any duty owed by the defendant to the plaintiff or any violation of any such duty."

The demurrer was heard by Judge Grimball. We quote the material parts of his order thereon:

"I find that the Demurrers should be sustained as to Sub Section (B) thereof, with leave to the plaintiffs to replead the complaints so as to allege the Southern Standard Building Code instead of the South Carolina Code of Laws of 1962.

"I further find that Sub Sections (A) and (C) of the Demurrers should not be sustained and, therefore, the same are dismissed based upon the case of *Timmons v. Williams Wood Company*, 164 S. C. 361, 162 S. E. 329 (1932) and, it is, therefore,

"*Ordered* that Sub Section (B) of the defendant's Demurrers be and hereby is sustained; provided, however, that the plaintiffs are entitled to replead so as to allege the Southern Standard Building Code in lieu of the South Carolina Code of Laws for 1962 within twenty (20) days after the date of this Order.

"*And it is further Ordered* that Sub Sections (A) and (C) of the Demurrers are hereby denied."

Although this order failed to recognize that the demurrer was to the entire complaint and should have been either sustained or denied, neither party appealed. Instead, plaintiff filed an amended complaint, identical with the first, except that the first three specifications of negligence were alleged

to have been in violation of "the Southern Standard Building Code which was adopted in Section 1 of Chapter 6 of the Sumter City Code, 1946-1947 Edition," instead of having been in violation of the various Code sections referred to in the original complaint.

After taking her own deposition, defendant moved for summary judgment. The first ground of the motion was identical with specification (c) of the demurrer, to wit: "The Complaint does not allege any duty owed by the defendant to the plaintiff or any violation of any such duty." The remaining grounds were alternatives, either the Southern Standard Building Code has no applicability to the relationship between landlord and tenant and imposes no duty upon the landlord with respect thereto; or, if it be determined that the building code does apply, defendant's deposition establishes that she complied therewith by obtaining a building permit.

This motion was heard by Judge Spruill who granted summary judgment on two principal bases. First, he held that the Southern Standard Building Code created no duty from landlord to tenant; hence, the averments that the defendant had violated the building code added no strength to the complaint. Second, he construed Judge Grimball's order as having sustained the demurrer, amounting to an adjudication that the common law counts of negligence "failed to allege a basis for *tort* liability." Therefore, he found it unnecessary to pass upon the sufficiency of these allegations, interpolating, however, that "if they were before the writer, he would rule that they allege no actionable violation on the part of the defendant of any duty owed by her to the plaintiff or to his wife or son."

We think that this construction of Judge Grimball's order was erroneous. When the complaint, the demurrer and the order are read together, it is apparent that the only point resolved in favor of demurrant was that the Code sections declared upon in the complaint were not in force in Sumter be-

cause the City had adopted the Southern Standard Building Code. See Section 47-1151, Code of 1962, which exempts from the provisions of Chapter 11, Article 47, any municipality of five thousand or more population "which shall have adopted the Southern Building Code by ordinance." Defendant's claim that in other respects the complaint failed to state a cause of action was distinctly rejected. The effect of the order was to overrule the demurrer, but to strike from the complaint the references to the South Carolina Code, with leave to amend by substituting appropriate references to the Southern Standard Building Code. The provision for amendment was permissive, not mandatory, and it applied only to the three statutory specifications. The sufficiency of the remaining allegations of the complaint, including the four common law specifications of negligence, to state a cause of action was established as the law of the case by the order overruling the demurrer. Their sufficiency could not be tested again by the circuit court either by demurrer or by motion. Judge Spruill's conclusion that there was no issue of fact for determination by a jury rested upon his view that the facts alleged were insufficient to state a cause of action. Therefore, the order appealed from is athwart the law of the case and must be reversed.

This conclusion disposes of the appeal, and makes it unnecessary for us to consider plaintiff's challenge to Judge Spruill's view of the effect of the Southern Standard Building Code, which falls with the reversal of the order. We decline to decide this involved question of first impression on this record, principally because it fails to establish that these regulations apply to this old building, which was an existing structure long before the building code was adopted by the City of Sumter.

Reversed.

Moss, C. J., and Lewis, Bussey and Littlejohn, JJ., concur.